**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In re:<br><br>ADELE F. GILLIS,<br><br>Debtor | Chapter 13<br>Case No. 11-10086-JEB |
| In re:<br><br>DONALD R. PERRY, JR. AND DAWN M. PERRY,<br><br>Debtors | Chapter 13<br>Case No. 11-12338-JEB |
| In re:<br><br>KENNETH L. RICHTER AND JANET RICHTER,<br><br>Debtors | Chapter 13<br>Case No. 07-18223-JEB |

**MEMORANDUM OF DECISION**

In these three unrelated chapter 13 cases, a similar issue has arisen. Several years after the debtors completed all payments under their Chapter 13 plans and received discharges, the Chapter 13 trustee learned of an undisclosed asset in the form of a personal injury claim that she asserts accrued prepetition. The question is whether that undisclosed asset (if determined to be a prepetition asset) can be administered for the benefit of creditors upon reopening and conversion of the case to a Chapter 7. In each of these cases, the confirmation order vested all property of the estate in the debtors upon entry of the discharge. As more fully set forth below, given the confirmation order, all property of the estate, including any undisclosed prepetition asset,

belongs to the debtors. There is no cause to reopen or convert the cases because there is no property of the estate for a Chapter 7 trustee to administer, even if the claims were determined to have accrued prepetition.

**Background**

The following background relevant to this Memorandum is based on the record of the proceedings for each of these cases.

**Adele Gillis**

Adele Gillis filed a petition under Chapter 13 on January 5, 2011. On January 24, 2012, the Court entered an order confirming the First Amended Chapter 13 Plan filed by Ms. Gillis. The plan provided for payments over 60 months. The confirmation order included the following language:

> Unless otherwise ordered by the court, all property of the estate as defined in [11] U.S.C.§§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the debtor(s) only upon discharge.

On April 15, 2016, the Chapter 13 Trustee filed a report and account that stated that Ms. Gillis had made all payments under the First Amended Plan. On May 9, 2016, the Chapter 13 Trustee filed her Final Report stating that "the estate has been fully administered" and requested entry of a "final decree." Ms. Gillis was discharged by order dated May 17, 2016. Neither the discharge order nor any other order in the case provided for an exception to the vesting of "all property of the estate" in Ms. Gillis upon discharge as provided in the confirmation order. On June 9, 2016, the case was closed and the Chapter 13 Trustee discharged.

Over five years later, on November 1, 2021, the Chapter 13 Trustee filed a motion to reopen the case since she had learned of a personal injury claim held by Ms. Gillis. The

2

Chapter 13 Trustee asserted that the claim arose prepetition and remained property of the estate since it had not been disclosed by Ms. Gillis. In her motion, the Chapter 13 Trustee requested that after the case was reopened, the case be converted to Chapter 7 to permit a Chapter 7 trustee to administer the undisclosed asset. Ms. Gillis opposed the motion to reopen on the grounds that the claim did not arise prepetition because it was unknown at that time. After hearing, the Court granted the motion to reopen the case, but deferred the issues of whether the case could be converted to Chapter 7 and whether the asset arose prepetition. The Chapter 13 Trustee filed a subsequent motion to convert the case to Chapter 7, which was opposed by Ms. Gillis. The Chapter 13 Trustee argued that although the claim was not known to Ms. Gillis prior to the bankruptcy, it accrued under Massachusetts law and was a prepetition asset. Ms. Gillis argued that the claim was not a prepetition claim since it was not discoverable prior to the petition date. Ms. Gillis also argued that the claim vested in her upon discharge regardless of whether it arose prepetition. After argument, the Court permitted the parties to file further briefs on the issue of whether any undisclosed asset vested in Ms. Gillis upon discharge.

**Donald and Dawn Perry**

Donald and Dawn Perry filed a joint petition under Chapter 13 on March 21, 2011. On June 6, 2012, the Court entered an order confirming the Amended Chapter 13 Plan filed by the Perrys, which provided for payments to creditors over 60 months. The confirmation order included the following language:

> Unless otherwise ordered by the court, all property of the estate as defined in [11] U.S.C.§§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor(s) only upon discharge.

3

On April 15, 2016, the Chapter 13 Trustee filed a report of receipts and proposed distributions, stating that the Perrys had made all payments required under the plan. The Perrys were discharged by order dated May 17, 2016. On June 9, 2016, the Chapter 13 Trustee filed her Final Report stating that "the estate has been fully administered" and requested entry of a "final decree." Neither the discharge order nor any other order in the case provided for an exception to the vesting of "all property of the estate" in the Perrys upon discharge as provided in the confirmation order. On July 11, 2016, the case was closed and the Chapter 13 Trustee discharged.

Over five years later, on November 30, 2021, the Chapter 13 Trustee filed a motion to reopen the case since she had learned of a personal injury claim held by the Perrys. The Chapter 13 Trustee asserted that the asset arose prepetition and remained property of the estate since it had not been disclosed by the Perrys. In her motion, the Chapter 13 Trustee requested that after the case was reopened, the case be converted to Chapter 7 to permit a Chapter 7 trustee to investigate and distribute any proceeds from the asset. The Perrys opposed the motion to reopen, in part on the grounds that the claim was not a prepetition asset since it was not discovered until after the bankruptcy was closed. As with the Gillis case, the Court permitted further briefing on the issue of whether the asset had vested in the Perrys, and then took the matter under advisement.

**Kenneth and Janet Richter**

Kenneth and Janet Richter filed a joint petition under Chapter 13 on December 31, 2007. On June 27, 2008, the Court entered an order confirming the First Amended Chapter 13 Plan filed by the Richters, which provided for payments to creditors over 36 months. The confirmation order included the following language:

4

> Unless otherwise ordered by the court, all property of the estate as defined in [11] U.S.C.§§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case, shall remain property of the estate during the term of the plan and shall vest in the Debtor(s) only upon discharge.

On April 20, 2011, the Chapter 13 Trustee filed a report of receipts and proposed distributions, stating that the Richters had made all payments required under the plan. The Richters were discharged by order dated May 23, 2011. On June 10, 2011, the Chapter 13 Trustee filed her Final Report stating that "the estate has been fully administered" and requested entry of a "final decree." Neither the discharge order nor any other order in the case provided for an exception to the vesting of "all property of the estate" in the Richters upon discharge as provided in the confirmation order. On July 11, 2011, the case was closed and the Chapter 13 Trustee discharged.

Over ten years later, on February 22, 2022, the Chapter 13 Trustee filed a motion to reopen the case since she had learned of a personal injury claim held by the Richters. The Chapter 13 Trustee asserted that the asset arose prepetition and remained property of the estate since it had not been disclosed by the Richters. In her motion, the Chapter 13 Trustee requested that after the case was reopened, the case be converted to Chapter 7 to permit a Chapter 7 trustee to investigate and distribute any proceeds. Although the Richters did not oppose the motion, given the similar issues raised in the Gillis and Perry cases, the Court took the motion to reopen under advisement.

**Analysis**

As more fully set forth below, since the confirmation orders vested all property of the estate in the debtors upon entry of the discharge, the personal injury claims vested in the debtors upon entry of the discharge, even if such claims accrued prepetition. Since there remains no

5

property of the estate for a trustee to administer in a Chapter 7, there is no reason to reopen the cases or to convert the cases to Chapter 7.

**Property of the Estate**

The commencement of a bankruptcy case creates an "estate". 11 U.S.C. §541(a). Under Section 541 of the Code, property of the estate includes "all legal or equitable interests" of the debtor in property. *Id.* In a Chapter 13 case, Section 1306 of the Code expands the definition of property of the estate to include postpetition earnings of the debtor and property acquired by the debtor from the time the case is commenced until it is "closed, dismissed, or converted," whichever is first. 11 U.S.C. § 1306(a).

Property of the estate is treated differently depending on the chapter of the Code. In a Chapter 7 case, the source of distributions to creditors is property of the estate. Debtors in a Chapter 7 case are required to surrender property of the estate to the Chapter 7 trustee. 11 U.S.C. § 521(a)(4). Chapter 7 trustees are charged with collecting and liquidating any nonexempt assets that are property of the estate. 11 U.S.C. § 704(a)(1). Nonexempt property of the estate is distributed to creditors as provided in Section 726 of the Code. *Id.*

In contrast, in a Chapter 13 case, the source of distributions to creditors is the payments under the plan. Unless otherwise ordered by the Court, the debtor remains in possession of property of the estate. 11 U.S.C. § 1306(b). Distributions to creditors are made under the Chapter 13 plan. 11 U.S.C. § 1326. Payments under a plan are determined primarily by the debtor's disposable income. Unless the debtor is devoting all of their disposable income to the plan, the trustee or a creditor can object to the confirmation of the plan. 11 U.S.C. § 1325(b). The term of the plan depends on the debtor's income, ranging from three to five years. *Id.* Although assets are not typically distributed under a Chapter 13 plan, the Court must consider the value of

the debtor's nonexempt assets in confirming a plan. Pursuant to Section 1325(a)(4), creditors must receive payments under a Chapter 13 plan at least equal to what they would receive in a Chapter 7 liquidation. The value of the Chapter 7 distribution becomes the floor of the amount creditors must receive under the Chapter 13 plan.

**Vesting of Property of the Estate**

Given the contrasting manner of distributions to creditors in a Chapter 7 case versus a Chapter 13 case, the Code also differs on when property of the estate is returned to the debtor. In a Chapter 7 case, distributions are made to a debtor under Section 726 only after creditors receive distributions for payment in full. 11 U.S.C. § 726(a)(6). In a Chapter 13 case, unless otherwise provided in the plan or confirmation order, "all of the property of the estate" vests in the debtor upon confirmation of the Plan. 11 U.S.C. § 1327. In this District, the standard confirmation order provides that all property of the estate vests in the debtor on discharge.

Section 554 addresses the issue of what happens to property of the estate upon closing of a case. Under Section 554(c), unless ordered otherwise, property "scheduled under section 521(a)(1) of this title not otherwise administered" is abandoned to the debtor upon the closing of the case. Property not abandoned and not administered in the case remains "property of the estate." 11 U.S.C. § 554(d).

What happens if a debtor fails to disclose an asset (intentionally or unintentionally)? In a Chapter 7, if the asset is not disclosed, pursuant to Section 554(d), it remains property of the estate. As a result, the case may be reopened and the Chapter 7 trustee may administer the remaining property of estate.

The question is whether Section 554 requires the same result in these Chapter 13 cases. The Court holds that given the clear language of Section 1327 and the confirmation orders, it

does not. Section 1327 of the Code provides that "[e]xcept as otherwise provided in the plan or the order confirming the plan," "all of the property of the estate" vests in the debtor upon confirmation of the Plan. 11 U.S.C. § 1327(b). Consistent with the standard confirmation order entered in this District, in each of these cases, the confirmation order provided that "all property of the estate . . . shall vest in the Debtor[s] only upon discharge." The confirmation order encompasses "all" property of the estate as defined under Section 541 and 1306, without any exception. Accordingly, all property of the estate, including any undisclosed assets, vested in the debtors upon discharge.

Section 554(d) of the Code does not require a contrary result. Under Section 554(d), property of the estate that has not been administered or abandoned remains property of the estate. But all property of the estate has been administered in these Chapter 13 cases. As provided in the confirmation orders in these cases, "all property of the estate" was administered and vested in the debtors upon the entry of their discharge.

Some courts have construed Section 1327 and its counterpart in Chapter 11, Section 1141, to vest in the debtor only property of the estate that is "administered" or "dealt with" under the plan. *See, e.g.*, In re Augustine, 2009 WL 5068412 (Bankr. N.D. Iowa Dec. 7, 2009). Courts have suggested that if an asset is not disclosed, it cannot be abandoned or administered. This ignores the plain text of both Section 1327 and Section 554. Unlike Section 554, Section 1327 does not say that "only property that is scheduled and administered" vests in the debtor. It instead provides that "all of the property of the estate" vests in the debtor. Similar language is contained in the confirmation orders that were entered in these cases.

This reading of Section 1327 is consistent with the other provisions of Chapter 13 that provide time limits in a Chapter 13 case. For example, Congress set limitations on the length of a

8

Chapter 13 plan whether or not creditors are paid in full. 11 U.S.C. § 1322. A plan cannot be modified to provide for payments that will be made more than five years from the date of the first payment under the plan. 11 U.S.C. § 1329(c). Nor can the court permit a modification after the plan period expires. *Id.*

As reflected in these cases, the Chapter 13 Trustee's position would extend the life of a Chapter 13 case well beyond the limits set by Congress. The Chapter 13 Trustee points out she is not seeking to modify a plan. But the Chapter 13 Trustee cannot circumvent the limitations set forth in the Code by proposing conversion of these cases to Chapter 7 to extend the Chapter 13 cases beyond the time frame Congress set.

The other distinctions between a Chapter 13 case and a Chapter 7 case support this analysis of Section 1327 and Section 554. In a Chapter 7, creditors receive a distribution based on nonexempt assets, not income. The debtor's discharge is not dependent on when (or if) distributions are made. Instead, the deadline to object to the discharge is 60 days after the meeting of creditors, unless extended by the court. Since the premise is that creditors are entitled to the non-exempt assets, it is appropriate that assets that may be discovered later will be available for creditors.

In contrast, in a Chapter 13, the trustee and creditors receive payments under the plan over three to five years, unless creditors can be paid in full in a shorter period. Debtors do not receive their discharge until they have completed the payments during the plan term. As reflected above, payments are based on income primarily, not solely on assets. A debtor who has fully performed a Chapter 13 plan for the required number of years under the Code is entitled to a fresh start after entry of the discharge.

The Chapter 13 Trustee also argues that for policy reasons, the provision vesting property of the estate in the debtor must be interpreted to exclude any undisclosed assets. The Chapter 13 Trustee acknowledges there is no issue in these cases that the assets were intentionally not disclosed. However, she suggests that debtors may intentionally fail to disclose assets which should be considered in determining plan payments. But there are consequences for a debtor who intentionally fails to disclose an asset. First, the trustee and creditors may discover such assets during the Chapter 13 plan, which will be in effect for three to five years. If such assets are discovered, the trustee or a creditor may seek a modification of the plan or conversion of the case. Second, if a debtor intentionally fails to disclose an asset, the debtor may face potential criminal sanctions, since the schedules are executed under the pains and penalties of perjury. A debtor also runs the risk that they may be judicially estopped from pursuing the cause of action if they intentionally failed to disclose the asset in their bankruptcy. *See, e.g., Hughes v. Canadian National Railway Company,* 105 F.4th 1060 (8th Cir. 2024); *Osterlich v. Sand Canyon Corporation*, 2010 WL 2594943 (N.D.W. Va. June 23, 2010). Finally, as the Eighth Circuit noted, despite such policy arguments, "there simply is no textual support for distinguishing between disclosed and undisclosed assets when applying Section 1327." *Hughes*, 105 F. 4th at 1068.

The Chapter 13 Trustee also disregards the clear intent of Congress to balance competing policies by providing finality in Chapter 13, as reflected by the other time restrictions in the Code. Congress has chosen to prioritize time limits, despite potential fraud or other issues. For example, under Section 1330 of the Code, a party may seek revocation of a confirmation order only within 180 days after it is entered, and then only if the order was procured by fraud. 11 U.S.C. § 1330(a). Similarly, a party may seek revocation of a discharge only within a year

after entry and only if the order was obtained by fraud. 11 U.S.C. § 1328(e). Finally, as discussed above, a plan cannot be modified to provide for payments over a period that expires more than five years after the date of the first payment under the plan. 11 U.S.C. § 1329. Given the clear policy of Congress regarding time limits in a Chapter 13 case, the Court should not abandon the finality and fresh start of Chapter 13 to impose additional burdens on debtors that are not in the plain text of the statute.

**Conclusion**

When a debtor completes the payments under a Chapter 13 plan and a discharge is entered, the case is fully administered. In these cases, as provided in the confirmation orders, all property of the estate, including any undisclosed assets, was administered and vested in the debtors upon entry of their discharges. As a result, there is no property of the estate to be administered if the cases were reopened and converted to cases under Chapter 7.

For the foregoing reasons, the Court will enter separate orders in each of the above cases consistent with this decision.

Dated:  August 13, 2024					By the Court,

						Janet E. Bostwick
						United States Bankruptcy Judge

11